UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DUNIESKY MARTINEZ-GIL,

     *Petitioner*,

v.                                                      Case No. 3:26-cv-1642-JEP-SJH

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

     *Respondents*.

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See* Doc. 1 at 8). Petitioner is a citizen of Cuba who entered the United States on April 17, 2024, and was granted parole until April 17, 2026. (Doc. 1 at 1; Doc. 6-2 at 1; Doc. 6-3 at 1; Doc. 6-4 at 1). The Department of Homeland Security issued him a notice to appear and scheduled his initial removal hearing for January 21, 2025. (Doc. 6-3 at 1; Doc. 6-4 at 2). In March 2026, ICE re-encountered Petitioner following his arrest by local law enforcement in Marion

County, Florida.[1] (Doc. 1 at 2, 5; Doc. 6-4 at 2). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)— not § 1225(b)(2)(A)—of the Immigration and Nationality Act ("INA").[2] (Doc. 1 at 7).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach

---

[1] While Petitioner says that ICE detained him on March 17, 2026, (*see* Doc. 1 at 2, 5), the Federal Respondents have attached documents indicating that ICE re-encountered him on March 14, 2026, (*see* Doc. 6-4 at 2).

[2] The Court construes Petitioner's claim for "Unlawful Detention without Adequate legal basis" or "statutory justification" as a claim under the INA because Petitioner argues that his "[p]rolonged detention without statutory justification or a scheduled bond hearing violates the law." (Doc. 1 at 7); *see United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings."). Further, he cites two cases in which courts evaluated whether (1) ICE improperly detained the petitioners under § 1225 of the INA, and (2) the petitioners' detention under § 1226 without a bond hearing violated the INA. (*See* Doc. 1 at 7 (citing "*Perez Pacheco v. Warden*,  2:26-cv-1227" and "*Carcano v. Noem*, 2:25-cv-00922-SPC-NPM")). Additionally, the Federal Respondents understand the petition to assert a claim under § 1226(a) of the INA. (*See* Doc. 6 at 3–5).

on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[3] While the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been paroled into the country and whose parole had since expired, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted).

In their response, the Federal Respondents acknowledge that the "Court has rejected [their] view but . . . assert that recent decisions have reached the

---

[3] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

incorrect outcome." (Doc. 6 at 4). Specifically, they argue that under 8 U.S.C. § 1182(d)(5)(A), "the alien returns to the status at which he was granted parole in the first instance"—in this case, "that of an arriving alien"—upon termination of parole. (*Id.*). However, this statutory provision is silent as to detention status, *see* § 1182(d)(5)(A), and the Federal Respondents fail to otherwise explain how the text supports their interpretation, (*see* Doc. 6 at 4–5). The Federal Respondents also provide a quote from *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) invoking due process, which is not germane to the issues here. (*See id.* at 4).

Accordingly, the *ratio decidendi* of *Hernandez Alvarez* applies in this case, and the Court is bound by it. (*See id.*).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[4] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C.

---

[4] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

4

§ 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 7) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the amended petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 24, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Duniesky Martinez-Gil

5